FILED

LAW OFFICES OF
WILLIAM FENTON SINK

2009 JUN 12 PM 3: 10

WILLIAM FENTON SINK #3546
Dillingham Transportation Bldg.
735 Bishop Street, Suite 400
Honolulu, Hawai'i 96813
Telephone: 531-7162

C. GANDALIRA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

KONA DIVISION

STATE OF HAWAI'I

| | |
|---|---|
| NADINE A. CALUAG,<br><br>        Plaintiff,<br><br>vs.<br><br>CHARLES A. JOHNSON, P.C., ATTORNEY AND COUNSELLOR AT LAW, THOMAS W. JOHNSON, ARBOR SYSTEMS GROUP, INC. dba JOHNSON & ASSOCIATES TAX & ACCOUNTING SERVICES, JOHN AND MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS or OTHER ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO.: 09-1-232K<br>(Sexual Assault and Battery)<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |

### COMPLAINT

Plaintiff Nadine A. Caluag, by and through her above named attorney, for a Complaint against the Defendants, alleges and avers as follows:

*I. Parties.*

1. At all times mentioned herein, Plaintiff Nadine A. Caluag, (hereinafter referred to as "Nadine"),



EXHIBIT A

I hereby certify that this is a full, true and correct copy of the original on file in this office.

_____
Clerk, Third Circuit Court, State of Hawaii

resided in the City of Kailua-Kona, County of Hawai'i, State of Hawai'i.

2. At all times mentioned herein, Defendant Charles A. Johnson, P.C., who claims to be an Attorney and Counsellor at Law, (hereinafter referred to as "Attorney"), while operating in Virginia, sent documents to Kailua-Kona and attempted to sadistically abuse Nadine.

3. At all times mentioned herein, Defendant Thomas W. Johnson, (hereinafter referred to as "Johnson"), was the owner of business co-Defendant Arbor Systems Group, Inc. and Nadine's supervisor, and resided in the City of Kailua-Kona, County of Hawai'i, State of Hawai'i.

4. At all time mentioned herein, Defendant Arbor Systems Group, Inc. dba Johnson & Associates Tax & Accounting Services (hereinafter referred to as "Tax Services") was a domestic profit corporation incorporated in the State of Hawai'i with its principle place of business in Kailua-Kona, County of Hawai'i, State of Hawai'i.

5. That Defendants JOHN AND MARY DOES 1-10 and DOE CORPORATIONS, PARTNERSHIPS or OTHER ENTITIES 1-10 (hereinafter collectively "Doe Defendants") are other persons or entities which owned, possessed, controlled or in some manner were responsible or liable for the events and incident described herein, that caused Nadine's injuries. Doe Defendants are named herein as parties pursuant to Rule 17(d) of the Hawai'i Rules of Civil Procedure.

Nadine will identify such Defendants when their names and capacities are ascertained.

## II. Statement of Facts.

6. On or about August 23, 2003, Nadine was hired by Defendants Johnson and Tax Services as a bookkeeper.

7. Nadine was constructively terminated on November 24, 2008 because of sadomasochistic, perverse, objectionable, offensive, unrelenting, diabolical, and malevolent assaults, batteries, other sexual assaults, humiliations and harassment. Nadine was a good employee. Nadine had been employed with Johnson and Tax Services for over five years.

8. All torts alleged herein were intentional.

## III. Statement of Allegations of Fact.

9. While employed by Defendants Johnson and Tax Services, Nadine was subjected by all Defendants to unwelcome and unsolicited touching, unwelcome and unsolicited verbal comments of a sexual nature, quid pro quo sexual harassment, and other employment related sexual advances, including being forced to see video pornography and to read sadomasochistic documents.

10. On diverse occasions Defendant Johnson sexually assaulted and battered Nadine and forced Nadine to be sadistically abused by communications from his brother, Defendant Attorney.

11. On diverse occasions during Nadine's employment with Defendants Johnson and Tax Services, Defendants discriminated against Nadine due to her sex in violation of the common law and

3

HRS § 378. Johnson referred to Nadine's breasts as "Bert & Ernie" and called Nadine "a big boobed bimbo" and "ditzy big boob assistant;" further, Johnson said that Nadine could do nothing about the sexual assaults and batteries because Johnson "signed [her] paycheck."

12. Defendants' illegal actions created a seriously hostile, intimidating and abusive work environment which led to Nadine's constructive termination, in violation of HRS §§ 368 et seq and 378 et seq., including, inter alia, but not limited to, Johnson saying that: a. he would remove food from Nadine's breast with his teeth; b. local girls like Nadine were stupid; and c. that Nadine and her friend were members of the "Kona Congregation of Big Boobs."

13. All Defendants knew that Nadine was subject to the above sexual harassment, assault, battery, discrimination and other torts but failed to take prompt and reasonable remedial action, and the actions herein committed were committed jointly and severally by the owner and supervisor acting as the alter ego of Tax Services and personally and in conspiracy with all other Defendants.

14. All Defendants conspired to cause Nadine's termination.

15. All Defendants violated the RICO statute.

16. All Defendants violated Nadine's right to privacy.

17. All Defendants intentionally interfered with Nadine's marriage.

18. All Defendants intentionally interfered with Nadine's economic advantage.

19. Nadine suffered severe emotional, psychological and physical damages from the above intentional actions causing intentional infliction of emotional distress.

20. The above acts of assault, battery, discrimination, sexual harassment, termination, racketeering, hostile work environment conditions, conspiracy and termination were in violation of Hawai'i state fair employment and discrimination laws and administrative rules, and were acts by all Defendants, inter alia, of assault, battery, invasion of privacy and intentional infliction of emotional distress.

### IV. Prayer.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. General damages for emotional, psychological and physical injuries according to proof;

2. Special damages for economic losses and expenses according to proof;

3. Punitive and exemplary damages according to proof;

4. For pre-judgment interest, Plaintiff's cost of suit, and attorney's fees; and

5. For such other relief as the court deems just and proper.

Dated: Honolulu, Hawai'i, _____ JUN 1 0 2009 _____.

_____
WILLIAM FENTON SINK
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

KONA DIVISION

STATE OF HAWAI'I

| | |
|---|---|
| NADINE A. CALUAG, | CIVIL NO.: _____ |
| | (Sexual Assault and Battery) |
| Plaintiff, | |
| | **DEMAND FOR JURY TRIAL** |
| vs. | |
| | |
| CHARLES A. JOHNSON, P.C., ATTORNEY AND COUNSELLOR AT LAW, THOMAS W. JOHNSON, ARBOR SYSTEMS GROUP, INC. dba JOHNSON & ASSOCIATES TAX & ACCOUNTING SERVICES, JOHN AND MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS or OTHER ENTITIES 1-10, | |
| Defendants. | |

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

Dated: Honolulu, Hawai'i, _____JUN 1 0 2009_____.

_____
WILLIAM FENTON SINK
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

KONA DIVISION

STATE OF HAWAI'I

| | |
|---|---|
| NADINE A. CALUAG, | CIVIL NO.:_____ |
| | (Sexual Assault and Battery) |
| Plaintiff, | |
| | **SUMMONS** |
| vs. | |
| | |
| CHARLES A. JOHNSON, P.C., ATTORNEY AND COUNSELLOR AT LAW, THOMAS W. JOHNSON, ARBOR SYSTEMS GROUP, INC. dba JOHNSON & ASSOCIATES TAX & ACCOUNTING SERVICES, JOHN AND MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS or OTHER ENTITIES 1-10, | |
| Defendants. | |

**SUMMONS**

STATE OF HAWAI'I

To the above-named Defendants:

You are hereby summoned and required to serve upon Plaintiff's attorney, William Fenton Sink, whose address is the Law Offices of William Fenton Sink, Dillingham Transportation Building, 735 Bishop Street, Suite 400, Honolulu, Hawai'i 96813, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general

public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

Dated: Honolulu, Hawai'i, JUN 1 2 2009 _____.

C. GANDALIRA (SEAL)

_____
CLERK OF THE ABOVE-ENTITLED COURT